# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2730

_____

| | | |
|---|---|---|
| James Trendle, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Alyson Campbell, in her individual | * | |
| capacity; Missouri Department of | * | [UNPUBLISHED] |
| Social Services, Family Support | * | |
| Division, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 7, 2012
Filed: March 14, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

James Trendle appeals the district court's dismissal, without prejudice, of his 42 U.S.C. § 1983 complaint, in which he claimed, inter alia, that his due process rights were violated as a result of the temporary garnishment of his wages for child support, even though his wages were garnished in accordance with statutes authorizing such action, an administrative hearing was set at his request, and he availed himself of a state-court modification proceeding to stop the garnishment. The sole issue Trendle raises on appeal is whether the district court appropriately

dismissed his due process claim against Alyson Campbell in her individual capacity, upon applying an abstention doctrine.

Upon careful review, we conclude that Campbell was entitled to qualified immunity. See Schmidt v. Des Moines Pub. Sch., 655 F.3d 811, 817-18 (8th Cir. 2011) (fundamental requirement of due process is opportunity to be heard at meaningful time and in meaningful manner); Akins v. Epperly, 588 F.3d 1178, 1183 (8th Cir. 2009) (qualified immunity requires two-part inquiry: (1) whether facts shown by plaintiff make out violation of right in question, and (2) whether right was clearly established at time of defendant's alleged misconduct). Accordingly, we modify the judgment to reflect that the dismissal of Trendle's claim against Campbell is with prejudice, see 28 U.S.C. § 2106 (appellate court may modify any judgment brought before it for review); cf. Moore ex rel. Moore v. Briggs, 381 F.3d 771, 775 (8th Cir. 2004) (upon concluding that defendants were entitled to qualified immunity, remanding case with directions to dismiss claims against them with prejudice), and we affirm the judgment as modified.

_____